```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>323 "QUINTALES" OF GREEN COFEE BEANS, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 10-1519 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court stands third party plaintiff Daniel Omar Torres' ("Torres") objection to the Magistrate's Report and Recommendation. (Docket No. 168). For the reasons stated below, Torres' objection is hereby **DENIED**. Accordingly, the Court **ADOPTS** the Magistrate's Report and Recommendation.

## BACKGROUND

Torres filed a third party complaint against Nelson Colon. In his complaint, Torres alleged that the price control and importation policies employed against him violated his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment, antitrust laws, and the Dominican Republic-Central

Civil No. 10-1519 (JAG)                                                    2

America-United States Free Trade Agreement ("CAFTA-DR"). Torres further alleged that Nelson Colon's involvement in the seizure of the coffee beans violated his rights under the Fourth and Fifth Amendments. Torres also seeks monetary damages against Nelson Colon pursuant to 42 U.S.C. § 1983. Lastly, Torres seeks declaratory judgment holding Section 353 of Title 3 of the Laws of Puerto Rico unconstitutional.

The Magistrate Judge filed a Report and Recommendation in which he recommended that Torres' third party complaint against Nelson Colon be dismissed with prejudice. Torres timely filed an objection to the Magistrate's Report and Recommendation. However, Torres' objection only addresses his claims under the Fourth Amendment.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and Local Rule 159, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. The adversely affected party may contest the report and recommendation by filing objections within fourteen days of being served with a copy of the order. 28 U.S.C. § 636(b)(1). If objections are filed in a timely manner, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation

Civil No. 10-1519 (JAG)                                                      3

to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F.Supp.2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In his objection to the Magistrate's Report and Recommendation, Torres takes issue with the Magistrate's conclusion that Nelson Colon's search of Torres' business premises to obtain a coffee bean sample was permissible. (Docket No. 168). More specifically, Torres objects to the Magistrate's determination that Nelson Colon conducted a legitimate administrative search.

In a rather confusing motion, Torres seeks to oppose Nelson Colon's motion to dismiss/or for judgment on the pleadings by importing statements from Nelson Colon's deposition, in which Nelson Colon stated that he lacked a direct order from the Secretary of Agriculture to conduct a search of Torres' business premises. Torres avers that the Secretary of Agriculture is the only person vested with the authority to conduct administrative searches. Torres further posits that Nelson Colon was not directly ordered by the Secretary of Agriculture to search

Civil No. 10-1519 (JAG) 4

Torres' warehouse. Thus, according to Torres, Nelson Colon's search was performed in violation of the Fourth Amendment. The Court does not agree.

The Fourth Amendment protects the right of the people to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. Searches conducted without a warrant "are per se unreasonable under the Fourth Amendment—subject to only a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). A well-established exception exists for "administrative inspections in 'closely regulated' businesses." New York v. Burger, 482 U.S. 691, 704 (1987); see also Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 619 (1989). In fact, this Court has previously recognized that in highly regulated industries where there is a substantial government interest in a search, and where the privacy interest is minimal, searches conducted without a warrant have been repeatedly upheld. United States v. Approx. 600 Sacks of Green Coffee Beans Seized from Café Rico, 381 F. Supp. 2d 57, 63 n.6 (D.P.R. 2005)

The Supreme Court stated in Burger that an administrative search qualifies as an exception if: (1) the state has a substantial interest in regulating the industry (2), the inspection is necessary to further the regulatory scheme, and

(3) the inspection is properly limited in scope and puts the business owner on notice that the search is being made. Burger, 482 U.S. at 702-703. The second part of this last requirement is satisfied if the regulatory scheme is "sufficiently comprehensive and defined that the owner of commercial property cannot help but be aware that his property will be subject to periodic inspections undertaken for specific purposes." Id. at 703 (quoting Donovan v. Dewey, 452 U.S. 594, 600 (1981)).

The laws of Puerto Rico contain a comprehensive set of provisions pertaining to the regulation of the coffee industry. P.R. Laws Ann. Tit. 5, § 320 *et. seq.*; Tit. 13, §§ 2201-2205. The laws relating to coffee production express the need to protect the local coffee industry and eradicate plant pests and diseases on coffee plantations. P.R. Laws Ann. Tit. 5, §§ 319-319g. The Court agrees with the Magistrate's determination that these provisions evince a substantial government interest in regulating the coffee industry in order to meet local consumption needs and promote the economic health of the industry.

Furthermore, Puerto Rico law provides the Secretary of Agriculture with the power to inspect warehouses where coffee is stored at any stage of processing. Id. § 320j. Thus, coffee business owners have ample notice that their facilities are

Civil No. 10-1519 (JAG)                                                          6

subject to regulation and inspection. This same statute also states that coffee producers, processors, purchasers, importers, and roasters "[s]hall allow the Secretary to take samples and perform any coffee tasting test that the Secretary deems necessary during any stage of the production." Id. § 320i(3).

In light of these provisions, the Court finds that Nelson Colon's search and seizure of approximately two pounds of coffee was in fact an administrative search and was not violative of the Fourth Amendment. Torres argues that Nelson Colon's search was not a properly executed administrative search because he did not possess an order from the Secretary of Agriculture to conduct his search and as a result there was no administrative delegation of authority. The Court is not aware of, and Torres fails to cite to, any statute or regulation stating that the Secretary of Agriculture must sign an order so that agricultural inspectors may conduct administrative searches. Thus, the Court does not find any reason to conclude that Nelson Colon's search and seizure of approximately two pounds of coffee was conducted in a manner that violated the pertinent administrative provisions.

As a result, the Court **DENIES** Torres' objection and **ADOPTS** the Magistrate's Report and Recommendation.

**CONCLUSION**

Civil No. 10-1519 (JAG)                                                         7

For the reasons stated above, the Court hereby **DENIES** Torres' objection to the Magistrate's Report and Recommendation. Accordingly, the Court **ADOPTS** the Magistrate's Report and Recommendation.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th of March, 2012.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
