IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

323 "QUINTALES" OF GREEN COFFEE BEANS, et al.

    Defendants.

CIVIL NO.: 10-1519 (JAG)

**OPINION AND ORDER**

On June 9, 2010, the United States of America ("the United States" or "plaintiff") instituted a forfeiture action against 323 "quintales" (approximately 32,000 pounds) of green coffee beans, which had been seized in February of that same year from the warehouse facilities of Gustos Coffee, doing business as International Coffee Vendors. Docket No. 1.[1] On July 13, 2010, Daniel Omar Torres ("Torres" or "claimaint"), Gustos Coffee's President and CEO, filed an answer, a notice of claim, and a third-party complaint.[2] Pending before the court is claimant's motion to dismiss pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"), filed on August 12, 2011. (Docket No. 65). The motion was unopposed until the Court ordered plaintiff to file a response in opposition, which it did on March 23, 2012. (Docket No. 170). Torres has also filed a reply. (Docket No. 180). For the reasons set forth below, the motion is **DENIED**.

---

[1] One "quintal" is equal to 100 kilograms. United States v. Approximately 600 Sacks of Green Coffee, 381 F. Supp. 2d 57 (2005).
[2] The court dismissed the counterclaim on March 30, 2012. Docket No. 172.

### I.   STANDARD FOR DISMISSAL AS A RULE 37 SANCTION

Torres moves the court to sanction the United States under Federal Rule of Procedure 37 with dismissal of the complaint for three alleged discovery violations: 1) failure to produce written discovery, 2) failure to produce its expert report, and 3) failure to provide a requested ocular inspection. Rule 37 allows a court to sanction a party that fails to comply with discovery orders by various means, including "striking the pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(iii). It has long been the rule in the First Circuit that a case should not be dismissed under Rule 37 "except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Benítez García v. González Vega, 468 F.3d 1, 5 (1st Cir. 2006) (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)). Although evaluating the appropriateness of such a sanction is no mechanical inquiry, there are several well-established parameters to consider, such as "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions . . . ." Id. (quoting Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996). Additionally, there are procedural concerns such as fairness and an opportunity to be heard. Id. Generally, this means that a case should not be dismissed without prior warning and giving the plaintiff the opportunity to explain. Robson, 81 F.3d at 3. Specifically, in cases involving "a minor act of negligence rather than a pattern, dismissal might appear harsh where no prior warning was given and there was no showing of special prejudice to the opponents or the court." Id. (citing Velázquez Rivera v. Sea-Land Svc., Inc., 920 F.2d 1072, 1077 (1st Cir. 1990). Moreover, it is important for a court to consider the adequacy of lesser sanctions before dismissal. Benítez García, 468 F.3d at 6; Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39 n.2 (1st Cir. 2002); see also

Santiago Díaz v. Laboratorio Clínico y de Referencia del Este, 456 F.3d 272, 275 (1st Cir. 2006) ("Thus, when non-compliance occurs, the court may choose from a broad universe of possible sanctions.") (internal citations omitted).

## II.  DISCUSSION

In his motion, Torres briefly describes plaintiff's three alleged discovery violations which he maintains merit the highest sanction that this court can impose—dismissal of the complaint. Although the motion, and indeed the docket itself, make it clear that plaintiff has not exactly been a diligent litigant in this case, its behavior is not severe enough to warrant the ultimate sanction of dismissal.  Further, plaintiff's response in opposition notes that new counsel took over the representation of this case at the beginning of this year, and maintains that he has made a concerted effort to remedy any outstanding discovery delays or omissions.  Moreover, plaintiff's errors in this case appear to be no more than a classic case of foot-dragging and carelessness, making dismissal a disproportionately harsh sanction.  See Velázquez Rivera, 920 F.2d at 1077 (noting that First Circuit has previously found dismissal inappropriate where there was no willful disobedience.)  (citing Richman v. Gen. Motors Corp., 437 F.2d 196, 199-200 (1st Cir. 1971) (dismissal inappropriate because negligent and ineffective conduct by counsel was not contumacious)).

### 1)  Failure to produce written discovery

Torres alleges that plaintiff has not produced any written discovery in response to his first request for production.  Plaintiff counters, however, that it did provide several relevant documents in May of 2011, before the written discovery deadline expired in July of 2011. Plaintiff also asserts that it supplemented this production with further documents in February of 2012 and attaches copies of some of these documents.  Therefore, it appears inaccurate that

plaintiff has not provided *any* written discovery.  Nevertheless, plaintiff does concede that it has not provided all requested discovery, as it maintains that some of the requested documents may be law enforcement sensitive or subject to protection under the Trade Secrets Act.  Plaintiff did file a motion to this effect, seeking a protective order, but not until March 23, 2012, well after written discovery was due on July 5, 2011.  See Docket Nos. 28 and 169.  Clearly, this objection should have been raised earlier; however, this does not mean that the sanctions claimant seeks are warranted.

First of all, Torres does not describe in any detail exactly what written discovery was requested, what was produced, and what was not produced.  Moreover, the record does not reflect that he made any good faith attempt to confer with opposing counsel in order to obtain the requested discovery.  Torres submits only a letter to plaintiff's counsel dated June 13, 2011 indicated the time to produce discovery had lapsed and that "this letter is an effort to try and resolve the discovery dispute."  (Docket No. 65-1).  First of all, the deadline had not, in fact, lapsed by June 13, 2011.  The court set July 5, 2011, as the deadline to serve answers to written discovery, including interrogatories, requests for production of documents, and requests for admissions.  (Docket No. 28, p. 2).  Moreover, even if said deadline had lapsed, the letter hardly serves as an attempt to confer and as required by Fed. R. Civ. P. 37(a)(1) and even less so under Local Rule 26(b), which requires that the parties actually meet and confer—"an attempt to confer will not suffice."

Accordingly, as it is difficult to determine the true extent of plaintiff's failure to produce written discovery, no sanctions are warranted at this time.  However, the claimant is ordered to produce a detailed list of the requested documents, the date of the request, and any further efforts made to obtain them a week from the entry of this order.  Plaintiff shall have two weeks to

respond, indicating which documents have been produced and when and committing to produce the rest within an additional two weeks.

### 2) Failure to produce expert witness report

With respect plaintiff's expert report, claimant alleges that, as of the date the motion to dismiss was filed, the report had not been produced. As claimant points out, the deadline for plaintiff to produce its expert report was June 12, 2011. See Docket No. 28. On June 7, 2011, however, plaintiff filed a motion for an extension of time to produce the report until June 27, 2011, which was granted. (Docket Nos. 43, 45). Then, on June 27, 2011, plaintiff moved the court to extend the deadline to July 15, 2011. (Docket No. 51). That request was also granted. (Docket No. 55). Torres claims that, on July 15, 2011, plaintiff sent an e-mail that contained the expert witness' curriculum vitae, but not his report.

In its response in opposition, plaintiff contends that it did submit the expert report on July 15, 2011. It also attaches a copy of an e-mail to claimant's counsel dated July 15, 2011 containing two attached .pdf files with the names "Witness Statement PR Signed" and "Attachment 1_CV." (Docket No. 170-4). Torres in fact submitted a copy of this same e-mail with his motion to dismiss. (Docket No. 65-1). The fact that two files are attached, one of which is titled "witness statement," calls Torres's allegation into question. Moreover, Torres clearly had the expert report in his possession as of September 8, 2011, when he filed a copy of it with his request to exclude said report. (Docket No. 80). Moreover, and more importantly, the Court previously addressed this issue when it denied a motion to strike plaintiff's expert report that Torres filed on July 26, 2011. (Docket No. 59). In reaction to that motion, the court issued an order to show cause, with which plaintiff timely complied indicating that it had indeed produced the expert report by the July 15, 2011 deadline. (Docket No. 68). That motion was supported by

a copy of the same e-mail showing the same two attached .pdf files. (Docket No. 68-1). Torres did not oppose that motion, and the court subsequently denied Torres's motion to strike, noting the government's motion in compliance.

Therefore, even though plaintiff may have delayed production of its expert report one month beyond the original June 12, 2011, deadline each of those delays was pursuant to requests for extensions of time that the Court granted. Accordingly, this delay cannot be a basis for dismissal under Rule 37 because that rule clearly requires a violation of a court order "as [a] condition[ ] precedent to engaging the gears of the rule's sanction machinery." R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991). Here, it does not appear that there was any such violation and thus neither dismissal nor any other Rule 37 sanction is warranted in connection with plaintiff's expert report production.

### 3) Failure to permit ocular inspection

Claimant's final contention is perhaps the most troubling. He points out that the Court granted his motion to permit an ocular inspection of the seized coffee on July 5, 2011. ( Docket Nos. 49 and 54). On July 12, 2011, claimant asserts that he contacted plaintiff with respect to scheduling the inspection and, to this day, has not yet received a response. (Docket No. 56, p. 6). Although the e-mail request to which claimant refers and indicates is attached as Exhibit V is not, in fact, attached to his motion, plaintiff concedes that the inspection has not yet occurred. It is certainly troubling that two and a half years after the beans were seized, and over a year after the court ordered the inspection, claimant has not yet had the opportunity to see his seized property. On the other hand, the United States has indicated that, since the date the current counsel assumed representation, it has engaged in continuous good faith efforts to coordinate the inspection. It also indicated in its response in opposition, filed on March 23, 2012, that it

intended to schedule the inspection within the following month. (Docket No. 170, pp. 16-17). Accordingly, the United States' delay in coordinating the inspection, while problematic, does not merit sanctions in light of its recent efforts to cure. See Velázquez Rivera, 920 F.2d at 1077 (noting that Rule 37 sanctions are not usually appropriate in absence of bad faith). Nevertheless, plaintiff should be ordered to inform the court within one week whether or not the inspection has occurred and, if not, when it expects to schedule it.

### III.  CONCLUSION

In sum, none of plaintiff's discovery failures are serious enough to warrant the sanction of dismissal. Although plaintiff's conduct throughout the discovery process has been less then exemplary, "dismissal orders are typically measures of last resort, reserved for extreme cases." Torres Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). Plaintiff is warned, however, that further delays may result in sanctions, including dismissal.

Accordingly, claimant's motion to dismiss is **DENIED**. However, the claimant is ordered to produce a detailed list of the requested documents, the date of the request, and any further efforts made to obtain them a week from the entry of this order. Plaintiff shall have two weeks to respond, indicating which documents have been produced and when and committing to produce the rest within an additional two weeks.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of September, 2012.

> S/ Jay A. Garcia-Gregory
> JAY A. GARCIA-GREGORY
> United States District Judge