IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 323 "QUINTALES" OF GREEN COFFEE BEANS, et al. <br><br> Defendants. | CIVIL NO.: 10-1519 (JAG) |

OPINION AND ORDER

I.   PROCEDURAL HISTORY

On June 9, 2010, the United States of America ("the United States" or "plaintiff")

instituted a forfeiture action in rem against 323 "quintales" (approximately 32,000 pounds) of

green coffee beans, which had been seized in February of that same year from the warehouse

facilities of Gustos Coffee, doing business as International Coffee Vendors.  (Docket No. 1).[1]

On July 13, 2010, Daniel Omar Torres ("Torres" or "claimaint"), Gustos Coffee's President and

CEO, filed an answer, a notice of claim, and a third-party complaint.[2]  Torres subsequently filed

a motion for summary judgment on November 21, 2011.  (Docket No. 101).  After being granted

several extensions of time, the United States eventually filed its response in opposition on April

16, 2012. (Docket No. 181).  However, although the motion is titled "United States' Motion for

Summary Judgment and Memorandum in Support Thereof and in Response to Claimant's

Motion for Partial Summary Judgment," it contains scarcely any arguments that address those set

---

[1] One "quintal" is equal to 100 kilograms.  United States v. Approximately 600 Sacks of Green Coffee, 381 F. Supp. 2d 57 (2005).
[2] The court dismissed the counterclaim on March 30, 2012. (Docket No. 172).

forth in claimant's motion and, more importantly, includes no response to claimant's statement of proposed uncontested material facts as required by Local Civil Rule 56.  That rule requires a party opposing summary judgment to submit a "separate, short, and concise statement of material facts" that admit, deny, or qualify each of the facts proposed in the movant's corresponding separate, short, and concise statement of material facts.  Local Civ. R. 56(c).  The consequence of the United States' lack of compliance with this rule is that each of claimant's properly supported facts has been deemed admitted.  See Local Civ. R. 56(e) ("Facts . . . supported by record citations as required by this rule shall be deemed admitted unless properly controverted.").  Additionally, as plaintiff's opposition memorandum is unresponsive to the instant motion, it is therefore stricken from the record.  Accordingly, the undersigned considers claimant's motion for summary judgment as unopposed and, for the reasons set forth below, it is hereby **DENIED**.

## II.      STANDARD OF REVIEW

Summary judgment shall be granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.  A fact is material if it has the potential of determining the outcome of the litigation.'" Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008) (internal quotation marks and citations omitted)).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable

inferences in that party's favor," Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990), but

may may safely ignore "conclusory allegations, improbable inferences, and unsupported

speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citing

Rossy v. Roche Prod., Inc., 880 F.2d 621, 624 (1st Cir. 1989)).

### III.   FACTUAL BACKGROUND

The following facts are deemed uncontested for purposes of the pending motion:[3]

The seized coffee at issue was purchased from a Puerto Rican grower, Beneficiado

Torres, located in Lares, Puerto Rico.  (Docket No. 101-1, ¶ 1).  Samples of the coffee were

seized on January 26, 2010.  (Docket No. 101-1, ¶¶ 2-5).  Nelson Colón Cintrón (Colón) did not

have a warrant from a court or direct, personal authorization from the Secretary of Agriculture to

take the samples.  (Docket No. 101-1, ¶ 2-3).  Neither Colón nor Special ICE Agent Antonio

Illas provided a receipt for the coffee beans seized on January 26, 2010.[4]  (Docket No. 101-1, ¶

4).  Special Agent Antonio Illas was present when samples were seized without a warrant or

administrative order.  (Docket No. 101-1, ¶ 5).

### IV.   Analysis

As an initial matter, the court notes that claimant's statement of facts (or "statement on

uncontroverted facts," as it is titled) appears to reflect an incomplete picture of the story he

wishes to tell.  Nevertheless, the movant has the burden to set forth the facts upon which his

motion is premised and at the summary judgment stage cannot rely on allegations in the

complaint.  Nor can the movant rely on the court to search the entire factual record and glean the

---

[3] The facts are drawn from claimant's statement of proposed uncontroverted facts and are recounted here only insofar as they are supported by their corresponding citations to the record.  For example, paragraph number 6 is disregarded because the exhibit cited to support it cannot be found in the summary judgment record.  See Supporting Exhibits at Docket No. 101-2.  Additionally, the facts in the paragraphs numbered 7, 9, 10, and 11 are omitted because they include no record citation.  Paragraph number 8 is excluded because it is a legal conclusion.

[4] Claimant's motion does not explain who either Illas or Colón are.  Claimant's third-party complaint, which has been dismissed, indicated that Colón was an inspector from the Puerto Rico Department of Agriculture.

relevant facts.  See CMI Capital Market Inv. v. González Toro, 520 F.3d 58, 63 (1st Cir. 2008)

(noting that the purpose of Local Rule 56 is to "relieve the district court of any responsibility to

ferret through the record to discern whether any material fact is genuinely in dispute.").

Therefore, the court must proceed to address claimant's arguments against this sparse factual

background.  Nevertheless, most of claimant's arguments are so tenuous—some bordering on

frivolous—that they are easily disposed of without much reference to the facts of the case.  Each

one will be addressed seriatim.

### 1.  The Requirement of an Indictment

Claimant first argues that the forfeiture complaint must be dismissed because Torres has

not been indicted or found guilty under 18 U.S.C. § 545, the anti-smuggling statute that the

government seeks to enforce via the instant forfeiture proceeding, according to the complaint.  It

is hornbook law, however, that the guilt of an object's owner is in no way a pre-requisite to its

forfeiture in rem.  See, e.g., United States v. One Tintoretto Painting Entitled the Holy Family

with Saint Catherine and Honored Donor, 691 F.2d 603, 606 (2d Cir. 1982) ("Once the offense

attaches to the thing, it is without regard to the personal misconduct of its owner.").  Rather, it is

the "thing" that is "primarily considered as the offender, or rather the offence is primarily

attached to the thing . . . ."  The Palmyra, 25 U.S. Wheat 1, 9 (1827).  Therefore, a forfeiture

proceeding is separate and distinct from a criminal proceeding against the offending person

(whether that be the owner or any other person who caused the "thing" to become illegal), and

the forfeiture is "no part of the punishment for the criminal offense."  Various Item of Personal

Property v. United States, 282 U.S. 577, 581 (1931).  Accordingly, indictments and findings of

guilt beyond a reasonable doubt have no place in a forfeiture proceeding.[5]  Therefore, claimant's

first argument should be rejected.

### 2.  The Requirement of a Warrant

Next, Torres argues that the seizure of coffee beans from his private warehouse was

illegal because the agents did not have a warrant.  Assuming *arguendo* that Torres had in fact

properly pled his ownership of the warehouse in his separate statement of facts, this argument is

a dead-end as the court already rejected it when it dismissed Torres's third-party complaint and

granted then-third-party defendant Colón's motion for judgment on the pleadings.  (Docket Nos.

157 and 172).  In sum, and without rehashing all of the court's prior analysis, a warrant to seize

the coffee beans was unnecessary because the seizure was pursuant to an administrative search of

a highly regulated industry, thus constituting an exception to the warrant requirement.  (Docket

No. 172 at 4-6).  Additionally, the court previously rejected claimant's argument, which he

alludes to again in this motion, that the Secretary of Agriculture of Puerto Rico must personally

authorize every administrative search in the coffee industry.   (Docket No. 172 at 6).

Accordingly, the Court rejects this argument once more.

### 3.  The Affidavit Supporting the Seizure Warrant

Torres further argues that the affidavit in support of the verified complaint in rem

intentionally omits material facts, thus invalidating the warrant.  The omitted fact with which

claimant takes issue, however, is that the samples of coffee were seized without a warrant or

claimant's consent.  (Docket No. 101 at ¶ 16).  Because neither a warrant nor consent was

required for the administrative search during which the samples were taken, this fact is hardly

material.  Moreover, claimant utterly fails to develop this argument and explain why summary

---

[5] The applicable procedures and burdens of proof in a civil forfeiture case such as this one are governed by the Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185 (2000).  In sum, the government has the initial burden to show by a preponderance of the evidence that the property is subject to forfeiture.  Id.

judgment would be warranted if, indeed, this fact were material.[6]   Accordingly, this argument

too, should be rejected.   See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not

enough merely to mention a possible argument in the most skeletal way, leaving the court to do

counsel's work . . . a litigant has an obligation to spell out its arguments squarely and distinctly

or else forever hold its peace.") (internal citations and quotations omitted).

### 4.  19 U.S.C. § 1592

Claimant's next contention, is that "summary judgment must be granted even when

considering 19 U.S.C. § 1592."  (Docket No. 101 at ¶ 18).  It is difficult to understand why

claimant makes this statement as he then concedes that 19 U.S.C. § 1592 is not the basis of the

instant forfeiture complaint. Nevertheless, he inexplicably proceeds to assert that the government

has not plead any fraud, gross negligence, or negligence, all of which he maintains must be pled

with specificity to support a claim under 19 U.S.C. § 1592.  That statute, however, has no place

in this litigation, and neither, therefore, does claimant's argument.[7]

### 5.  The Government's Testing of the Coffee Beans

Finally, Torres argues that the testing method that the government used to reach its

conclusion that the coffee beans were from the Dominican Republic is not reliable enough to

establish probable cause for seizing the beans.  In the several, rather confusing, paragraphs that

ensue, Torres raises various objections to the government's expert report by the chemist who

performed the laboratory tests of the beans.[8]  First of all, claimant does not support any of his

factual arguments with his own expert testimony or any other relevant evidence.  It does not do

---

[6] It appears that claimant is alluding to the rule in Franks v. Delaware, 438 U.S. 154 (1978), which provides a basis to challenge a warrant when the affidavit supporting it contains a statement that is both false and made either intentionally or with reckless disregard for the truth.

[7] Further, the Court notes that any arguments based on insufficiency of pleadings should have been addressed in a motion to dismiss, not in the instant motion for summary judgment.

[8] Several of these contentions were already addressed in the court's opinion and order denying claimant's motion to exclude plaintiff's expert report. ( Docket No. 80).

for claimant to argue, conclusorily, that plaintiff's expert's testing method is unreliable or is "not reasonably relied upon by experts in the field of coffee origin" without any supporting evidence. Further, plaintiff relies on outdated case law in arguing that expert reports based on hearsay must be excluded.  See Fed. R. Evid. 703 (expert may base opinion on inadmissible hearsay if experts in the field would reasonably rely on that type of data and such data is not disclosed to the jury.). In sum, claimant's objections to plaintiff's expert report are without merit and are rejected.[9]

V.      CONCLUSION

For the foregoing reasons, claimant's motion for summary judgment is hereby **DENIED.**


IT IS SO ORDERED.


In San Juan, Puerto Rico, this 15th day of September, 2012.


                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

---

[9] The Court passes no judgment on the actual merits of plaintiff's expert report.